John L. Kirkpatrick, Esq. Village Attorney Village of Fort Plain P. O. Box 350 Fort Plain, New York 13339
Dear Mr. Kirkpatrick:
You have asked whether a village has any options other than litigation in order to collect from the owner of a dangerous building the costs to the village of demolition and clean up of the property.
Villages and other local governments are authorized to enact local laws relating to the safety, health and well-being of persons or property located therein. Municipal Home Rule Law § 10(1)(ii)(a)(12). The enactment of a local law providing for the demolition and clean up of unsafe buildings falls within this grant of authority. Op Atty Gen (Inf) No. 84-71. Such a local law must provide due process.[1] See, id. In the event the owner fails to take action or in an emergency, the village may clean up, repair or demolish the building. A village may assess the costs of demolition and clean up on the property owner and in the event that the assessment is not paid, place a lien on the property. Municipal Home Rule Law § 10(1)(ii)(a)(8), (9) and (9-a).
You have suggested that the county could amend its local law relating to the collection of delinquent village taxes to provide for reimbursement of village costs of demolition and clean up to the extent that the county collects these funds through its tax sale procedures. To date, the county has not taken such action. In our view, an alternative is for the village to include in its local law a procedure for sale of the property by the village in the event the owner fails to reimburse costs. See, 1981 Op Atty Gen (Inf) 182.
We conclude that a village may enact a local law providing for demolition and clean up of unsafe buildings and, in the event the owner fails to reimburse village costs, also providing for sale of the property in order to effectuate its lien.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions
[1] The source of authority for the local law is the broad delegation of police power to local governments. The State Legislature, utilizing the police power, has authorized towns and cities to enact unsafe building regulations. Town Law § 130(16); General City Law §20(35). These provisions satisfy due process requirements by providing for notice to the owner of the building and an administrative hearing. A village, acting under its delegation of police power (Municipal Home Rule Law § 10[1][ii][a][12]), may enact similar due process provisions. We note that the requirement of a judicial proceeding and court order prior to removal or clean up of an unsafe structure was removed from the Town Law. L 1980, ch 520. The bill jacket indicates the purpose of this and other changes was to expedite the procedure while continuing to satisfy due process requirements. Memorandum by Senator Trunzo; June 27, 1980 Memorandum from Counsel, Department of State, to Counsel to the Governor.